UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DELANO RICARDO YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC ENGLISH, *et al.*,<br><br>　　　　Defendants. | Case No. C06-5129RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**NOTED FOR:**<br>**June 1, 2006** |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a Civil Rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, a plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*. Because the record indicates that plaintiff has sufficient funds with which to pay the filing fee, the undersigned recommends the Court deny his motion.

DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir.

ORDER - 1

1963), *cert. denied*, 375 U.S. 845 (1963).

By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the court filing fee because he is allegedly unable to afford the costs necessary to proceed with his civil rights action. On March 2, 2006, the Clerk received plaintiff's complaint. (Dkt. # 1). By letter dated March 20, 2006, the Clerk informed plaintiff that he needed to submit either the full filing fee or file an application to proceed *in forma pauperis*. (Dkt. # 2). Plaintiff filed his application to proceed *in forma pauperis* on March 29, 2006 (Dkt. # 3), but the court found the application deficient as it was unable to determine the nature and amount of plaintiff's sources of income based on the information plaintiff provided. Plaintiff was ordered to cure the deficiency or face dismissal of the matter. (Dkt. # 4). Plaintiff has responded (Dkt. # 5) and appears to have access to sufficient funds with which to pay the court filing fee.

Plaintiff receives monthly disability income of $474.00 from the Social Security Administration. Although plaintiff initially stated that he has three people who are dependent upon him for support, his subsequent letter clarifies that these family members earn monthly incomes, collectively in the amount of $1,000.00.

## CONCLUSION

Because the plaintiff appears to have access to sufficient funds with which to pay the filing fee, the undersigned recommends that the Court deny his motion to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the Court dismiss plaintiff's complaint unless plaintiff pays the $250.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time

ORDER - 2

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 1, 2006**, as noted in the caption.

DATED this 11th day of May, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3